United States Bankruptcy Court
District of New Hampshire

In re:  
Blaine R. Holm  
     Debtor

Case No. 16-11510-BAH  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0102-1     User: admin     Page 1 of 1     Date Rcvd: Oct 28, 2016  
                    Form ID: 309I     Total Noticed: 15

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 30, 2016.
```
db          +Blaine R. Holm,    13 Parsons Dr,    Goffstown, NH 03045-3209
tr          +Lawrence P. Sumski,    Trustee,    1000 Elm Street,    10th Floor,    Manchester, NH 03101-1711
2920579     +Brandon Holm,    PO Box 202,    Derry, NH 03038-0202
2920581     +Collection/Gragil Assoc, Inc.,    281 Winter Street Suite 240,    Waltham, MA 02451-8713
2920582     +McLane Middleton,    900 Elm St,    PO Box 326,    Manchester, NH 03105-0326
2920583     +Merrimack River Mills LLC,    670 N. Commercial St. 303,    Manchester, NH 03101-1149
2920584     +Midland Funding,    2365 Northside Dr,    Suite 300,    San Diego, CA 92108-2709
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
aty          E-mail/Text: ppetrillo@dpfmlaw.com Oct 28 2016 19:10:49     Paul A. Petrillo,
              One Tara Boulevard,    Suite 200,    Nashua, NH  03062
smg          E-mail/Text: mdelorey@labor.state.nh.us Oct 28 2016 19:10:56     Wage and Hour Administrator,
              NH Department of Labor,    P.O. Box 2076,    Concord, NH  03302-2076
ust         +E-mail/Text: ustpregion01.mr.ecf@usdoj.gov Oct 28 2016 19:10:54     Office of the U.S. Trustee,
              1000 Elm Street,    Suite 605,    Manchester, NH 03101-1703
2920577     +EDI: BANKAMER.COM Oct 28 2016 19:08:00      Bank Of America,    Nc4-105-03-14,   Po Box 26012,
              Greensboro, NC 27420-6012
2920578     +E-mail/Text: bkmailbayview@bayviewloanservicing.com Oct 28 2016 19:10:57
              Bayview Financial Loan,    Attn: Customer Service Dept,    4425 Ponce De Leon Blvd, 5th Floor,
              Miami, FL 33146-1873
2920580     +EDI: CAPITALONE.COM Oct 28 2016 19:08:00      Capital One,    Po Box 30285,
              Salt Lake City, UT 84130-0285
2920585      EDI: PRA.COM Oct 28 2016 19:13:00      Portfolio Recovery,    Po Box 41067,    Norfolk, VA 23541
2920586     +E-mail/Text: cbailey@vhllc.co Oct 28 2016 19:10:58     Vance & Huffman Llc,
              55 Monette Pkwy Ste 100,    Smithfield, VA 23430-2577
                                                                                             TOTAL: 8
```

               ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 30, 2016                                     Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 28, 2016 at the address(es) listed below:  
NONE.                                                                                                                      TOTAL: 0

| Information to identify the case: | | | | | |
|---|---|---|---|---|---|
| Debtor 1 | **Blaine R. Holm** | | | Social Security number or ITIN | xxx–xx–2032 |
| | First Name | Middle Name | Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | | | | Social Security number or ITIN | _ _ _ _ |
| | First Name | Middle Name | Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | District of New Hampshire Live Database | | | Date case filed for chapter 13 | October 27, 2016 |
| Case number: | 16–11510–BAH | | | | |

Official Form 309I
# Notice of Chapter 13 Bankruptcy Case                                 12/15

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Blaine R. Holm | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 13 Parsons Dr<br>Goffstown, NH 03045 | |
| 4. | **Debtor's attorney**<br>Name and address | Paul A. Petrillo<br>One Tara Boulevard<br>Suite 200<br>Nashua, NH 03062 | Contact phone (603) 894–4120<br>Email: ppetrillo@dpfmlaw.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Lawrence P. Sumski<br>Trustee<br>1000 Elm Street<br>10th Floor<br>Manchester, NH 03101 | Contact phone (603) 626–8899<br>Email: SumskiCh13@gmail.com |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | 1000 Elm Street<br>Suite 1001<br>Manchester, NH 03101–1708 | Hours open 8:30am–4:30pm<br>Contact phone 603–222–2600<br>Date: October 28, 2016 |

**For more information, see page 2**

Official Form 309I                Notice of Chapter 13 Bankruptcy Case                page 1

Debtor **Blaine R. Holm**     Case number **16–11510–BAH**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **November 21, 2016 at 10:30 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:**<br>**1000 Elm Street, 7th Floor – Room 702, Manchester, NH 03101** |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: January 20, 2017** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: February 21, 2017** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: April 25, 2017** |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.nhb.uscourts.gov or www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has not filed a plan as of this date. The plan or a summary of the plan will be mailed separately when it is filed.<br>The hearing on confirmation will be held:<br>Date: **January 13, 2017**, Time: **09:00 AM**, Location: **1000 Elm Street, 11th Floor, Courtroom 1, Manchester, NH 03101** | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. | |
| **14. Trustee** | The trustee named on the reverse side is the Standing Chapter 13 Trustee appointed in this case by the U.S. Trustee to serve under the general blanket bond heretofore approved. | |